**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **ANGELINA SANTOS, on behalf of herself and all other similarly situated persons,**<br><br>***Plaintiff,***<br><br>**v.**<br><br>**NATIONAL MENTOR HEALTHCARE, INC., d/b/a Sevita; NATIONAL MENTOR HEALTHCARE, LLC, d/b/a Sevita; NATIONAL MENTOR HOLDINGS, INC., d/b/a Sevita; and CENTERBRIDGE SEAPORT ACQUISITION FUND, L.P**<br><br>***Defendants.*** | : | **Case No.:**<br><br>**CLASS ACTION COMPLAINT** |

## INTRODUCTION

Angelina Santos ("Plaintiff Santos") brings this action under the Millville Dallas Airmotive Plant Job Loss Notification Act (hereinafter, the "NJ WARN Act"), *N.J.S.*A. § 34:21-1 *et seq.* against National Mentor Healthcare, Inc., National Mentor Healthcare, LLC, National Mentor Holdings, Inc. (jointly, the "Mentor Defendants", d/b/a Sevita) and Centerbridge Seaport Acquisition Fund, L.P. ("Defendant Seaport") (with the Mentor Defendants and Defendant Seaport being jointly referred to herein as "Defendants"). Plaintiff Santos brings this action on behalf of herself and all others similarly situated who were laid off on or about September 15, 2025, or within 90 days thereof, to recover severance and a four-week penalty for failing to provide 90 days advance notice of the mass layoff affecting more than 100 individuals employed by the Mentor Defendants in New Jersey.

The Mentor Defendants do business as "Sevita" and are owned by a private-equity fund investment fund, Defendant Seaport. Because the definition of "employer" under section 34:21-2(d) of the NJ WARN Act includes direct and indirect owners of the direct employer, as well as individuals or persons who act directly or indirectly in the interest of the direct employer or who make the decision responsible for the employment action giving rise to the mass layoff subject to notification, Defendant Seaport is jointly liable with the Mentor Defendants under the NJ WARN Act. *See Sheppard v. Variant Equity Advisors*, LLC, 2025 LX 680061 (D.N.J. Dec. 22, 2025) (denying motions to dismiss from private equity owners of direct employer).

**JURISDICTION AND VENUE**

1. Jurisdiction over Plaintiff Santos's claims is proper under The Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). There are in excess of 100 putative class members, Plaintiff Santos is diverse from each of the Defendants, and there is more than $5,000,000 in controversy.
2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiff Santos' claims occurred within this District, as Plaintiff Santos worked for Defendants within this District. Further, Defendants conduct business in this District.

**PARTIES**

3. Plaintiff Santos resides in Sicklerville, New Jersey, Camden County.
4. Defendant Seaport is a Delaware limited partnership, having its headquarters at 375 Park Avenue, 11th Floor, New York, New York, and is registered with the Delaware Department of State, Department of Corporations, under file no. 6650467.
5. National Mentor Holdings, Inc. ("Defendant NM Holdings") is a Delaware corporation registered with the Delaware Department of State, Department of Corporations, under file

no. 3319905, and is headquartered at 6600 France Avenue South, Edina, Minnesota 55435. Defendant NM Holdings was formed on or before January 18, 2001.

6. Defendant National Mentor Healthcare LLC ("Defendant NM LLC") is a subsidiary of Defendant NM Holdings.[1]

7. Defendant NM LLC is a Delaware limited liability company registered with the Delaware Department of State, Department of Corporations, under file number 3871375 and has its principal place of business at 6600 France Avenue South, Edina, Minnesota 55435.

8. Defendant NM LLC was formed on or about October 27, 2004, and is registered with the New Jersey Department of Treasury, Division of Revenue and Enterprise Services under entity identification number 0600226288.

9. National Mentor Healthcare Inc. ("Defendant NM Inc.") is a Massachusetts corporation, incorporated on June 21, 1985.

10. Defendant NM Inc. is registered with the New Jersey Department of Treasury, Division of Revenue and Enterprise Services under entity identification number 0100459341.

## STATEMENT OF FACTS

11. Centerbridge Partners, L.P. is a private equity firm which sponsors the investment fund, Defendant Seaport.

12. Defendant Seaport currently owns and controls Defendant NM Holdings.

13. Defendant NM Holdings currently owns and controls Defendant NM LLC.

14. During all or part of the relevant time period, the Mentor Defendants have done business

---

[1] *See* Securities and Exchange Commission ("SEC") archives, https://www.sec.gov/Archives/edgar/data/1338690/000095012310113174/b83518exv21.htm

within the State of New Jersey as "New Jersey Mentor"[2] and/or the "Mentor Health Network."

15. Since at least September 2021, Defendant NM LLC has done business within the State of New Jersey under the brand name "Sevita."

16. The "Sevita" brand name replaced the prior trade name of "The Mentor Network,"[3]

17. On the Sevita website, it states that "*Since 1990, New Jersey Mentor has helped people with a wide range of needs grow and live their best lives*."[4]

18. According to the Federal Trade Commission, Sevita is the nation's largest provider of home and community-based services for individuals with intellectual and developmental disabilities.

19. Throughout the relevant time period, Defendant NM Inc. and/or Defendant NM LLC have entered into a series of contracts with the State of New Jersey, Department of Human Services (each, a "Contract").[5]

20. The Contracts with the State of New Jersey, Department of Human Services, frequently identified "New Jersey Mentor" or Defendant NM Inc. as the party contracting with the State of New Jersey.

21. Under the Contracts with the State of New Jersey, the Mentor Defendants were required to provide in-home care and services for people with intellectual and developmental disabilities.

22. The Mentor Defendants hired Plaintiff Santos as a Direct Support Professional ("DSP").

---

[2] *See* Securities and Exchange Commission ("SEC") archives, https://www.sec.gov/Archives/edgar/data/1338690/000095012310113174/b83518exv21.htm

[3] https://sevitahealth.com/wp-content/uploads/2021/10/Sevita_External_FAQ_RV1-final.pdf

[4] https://sevitahealth.com/our-services/families/njmentor/

[5] *See* https://sevitahealth.com/our-services/families/njmentor; *see also* https://www.sec.gov/Archives/edgar/data/1338690/000110465905063078/a05-21923_110k.ht

23. To fulfill their obligations under the Contracts, the Mentor Defendants hired Plaintiff Santos and other individuals to work as DSPs.

24. The role of a DSP is to provide care for children and adults with intellectual and developmental disabilities.

25. Plaintiff Santos and the other DSPs hired by the Mentor Defendants provided care for children and adults with intellectual and developmental disabilities in their own homes.

26. The Contract between the State of New Jersey, Division of Developmental Disabilities, and the Mentor Defendants expired on September 30, 2025.

27. The State of New Jersey did not renew its Contract with the Mentor Defendants.

28. Since August 2013, Plaintiff Santos was continuously employed by the Mentor Defendants.

29. Plaintiff Santos did not receive any notification from the Mentor Defendants that the Contract with the State of New Jersey was ending.

30. Plaintiff Santos placed several calls to the Men tor Defendants to obtain clarity regarding her employment with the Mentor Defendants.

31. On or about August 26, 2025, Plaintiff Santos spoke with Ayanna Lewis, the Mentor Defendants' Program Clinical Care Coordinator.

32. On or about August 26, 2025, Ms. Lewis informed Plaintiff Santos that the Contract with the State of New Jersey ended.

33. Plaintiff Santos was, at the time, providing care for R.F., an individual with intellectual and developmental disabilities.

34. Ms. Lewis informed Plaintiff Santos that because the Mentor Defendants' Contract with the State of New Jersey was ending, R.F. would be transitioned to a new provider as soon

as those arrangements could be made.

35. On or before September 15, 2025, R.F. was transitioned to another location, ending Plaintiff Santos's employment with the Mentor Defendants.

36. More than 100 other persons employed by the Mentor Defendants lost their employment because the Mentor Defendants' Contract with the State of New Jersey had been terminated.

37. The more than 100 other persons employed by the Mentor Defendants received less than 30 days notice that their employment was ending.

38. The Mentor Defendants did not provide Plaintiff Santos or the other DSPs with any advance notice that its Contract with the State of New Jersey was ending.

39. The Mentor Defendants ended the employment of Plaintiff Santos and the other DSPs' employment with less than 30-days notice.

40. The Mentor Defendants did not pay any severance to Plaintiff Santos or other DSPs.

## CLASS ACTION ALLEGATIONS

41. Plaintiff Santos brings Count I on behalf of herself and on behalf of all other similarly situated former employees, pursuant to *N.J.S.A.* 34:21-1, *et seq*, who worked as a DSP under a Contract that the Mentor Defendants had with the State of New Jersey (Plaintiff Santos and the other DSPs are collectively referred to herein as the "NJ WARN Class").

42. The NJ WARN Class consists of all individuals who lost their employment as a result of the termination of the Contract between the Mentor Defendants and the State of New Jersey, which ended on or about September 15, 2025 and who were terminated without cause on or about September 15, 2025 or within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoff, termination of

operations, and/or transfer of operations ordered.

43. The persons in the NJ WARN Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of the Mentor Defendants.

44. The Mentor Defendants employs and/or employed more than 100 people in the State of New Jersey.

45. On information and belief, the rate of pay and benefits that were being paid by the Mentor Defendants to each member of the NJ WARN Class at the time of his/her termination is contained in the books and records of the Mentor Defendants.

46. Common questions of law and fact exist across the NJ WARN Class, including, but not limited to, the following:

   a. whether the members of the NJ WARN Class were employees of the Mentor Defendants who worked at or reported to the Mentor Defendants in New Jersey;

   b. whether the Mentor Defendants unlawfully terminated the employment of the members of the NJ WARN Class without cause on their part and without giving them 90 days advance written notice in violation of the NJ WARN Act;

   c. whether the Mentor Defendants can prove that any exemptions under the NJ WARN Act applies;

   d. whether the Mentor Defendants unlawfully failed to pay the members of the NJ WARN Class one week of pay for each year of service as required by the NJ WARN Act;

   e. whether the Mentor Defendants unlawfully failed to pay the member of the NJ

WARN Class members an additional four weeks of pay for not providing the requisite 90-day notice required by the NJ WARN Act; and,

f. whether the Mentor Defendants and the Defendant Seaport Acquisition Fund are a single employer or a single integrated entity and, thus whether Defendants are jointly liable for the Mentor Defendants liability under the NJ WARN Act.

47. Plaintiff Santos's claims are typical of those of the members of the NJ WARN Class.

48. Plaintiff Santos, like other members of the NJ WARN Class, worked for the Mentor Defendants as DSPs in the State of New Jersey and were terminated without cause beginning on or about September 30, 2025, due to the mass layoff, termination of operations, and/or transfer of operations in New Jersey ordered by the Mentor Defendants.

49. Plaintiff Santos will fairly and adequately protect the interests of the members of the NJ WARN Class as the representative.

50. Plaintiff Santos has retained counsel competent and experienced in complex class actions, especially employment litigation.

51. On or about September 30, 2025, with active approval and knowledge of the Defendant Seaport Acquisition Fund, the Mentor Defendants terminated Plaintiff Santos's employment as part of a mass layoff as defined by *N.J.S.A*. 34:21-1 of NJ WARN Act.

52. The Mentor Defendants failed to provide the members of the NJ WARN Class with the 90-day notice required under *N.J.S.A*. 34:21-1, et. seq.

53. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the members of the NJ WARN Class predominate over any questions affecting only individual members of NJ WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of

this litigation.

54. Class certification will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

55. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

56. The NJ WARN Class is readily identifiable from the Mentor Defendants' own employment records.

57. Prosecution of separate actions by individual members of the NJ WARN Class would create the risk of inconsistent or varying adjudications with respect to individual members of the NJ WARN Class, which would establish incompatible standards of conduct for the Mentor Defendants.

58. A class action is further superior to other available methods for adjudication of this controversy in that joinder of all members is impractical. Furthermore, the amounts at stake for many of the members of the NJ WARN Class, while substantial, are not significant enough to enable them to maintain separate suits against the Mentor Defendants.

59. Without a class action, the Mentor Defendants will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff Santos and members of the NJ WARN Class.

60. Plaintiff Santos does not envision any difficulty in the management of this action as a class action.

61. Plaintiff Santos intends to send notice to all members of the NJ WARN Class to the extent

required by Rule 23 of the Federal Rules of Civil Procedure.

**FACTS RELATIVE TO DEFENDANTS' STATUS AS A SINGLE EMPLOYER/INTEGRATED ENTERPRISE**

62. Centerbridge Partners LP is a private equity firm ("PE") that is based in New York City.
63. Like other PE firms, Centerbridge Partners LP secures capital commitments from institutions and high net worth individuals to create an investment fund.
64. A PE firm's investment is typically organized as a limited partnership, where the PE firm acts as the general partner and the investors contribute capital as limited partners.
65. By pooling capital and leveraging the expertise of the general partners, the PE firm makes controlling investment in various companies that meet the investment objectives of its investment fund.
66. The PE firm aims to achieve substantial returns through strategic investment and active management of the portfolio companies that are invested in through its various investment funds.
67. In addition to investing money raised from investors, the principals of the PE firm are also invested in the investment fund.
68. PE investment funds are typically created as partnerships pursuant to the Delaware Revised Uniform Limited Partnership Act.
69. Centerbridge Partners LP is the promoter of an investment fund, Defendant Seaport; that is, Centerbridge Partners LP formed Defendant Seaport.
70. Investors were admitted to the Defendant Seaport investment fund through an agreement of limited partnership.
71. Centerbridge Seaport Acquisition Fund GP, LP is the general partner of Defendant Seaport,

the fund that controls the Mentor Defendants.

72. Defendant Seaport holds ownership of the Mentor Defendants operating under the brand name, Sevita.

73. At all relevant times, the Mentor Defendants were under the control of Defendant Seaport.

74. Upon information and belief, the decision to terminate the members of the members of the NJ WARN Class Members was made under the direction of and with the approval and consent of Defendant Seaport.

75. During all relevant periods of time:

   a. Defendants were under common ownership and financial control.

   b. Defendants were a single employer and an integrated enterprise.

76. Because investment funds such as Defendant Seaport and their affiliated entities are not publicly traded (e.g., there is no SEC Form 10K for the public to review), without further discovery, Plaintiff Santos is unable to precisely plead the exact ownership and management structure of the Mentor Defendants as it relates to Defendant Seaport.

**COUNT I**

**VIOLATION OF THE NEW JERSEY WARN ACT**

77. Plaintiff Santos realleges and incorporates Paragraphs 1 through 76 as if full set forth herein.

78. Under the NJ WARN Act, a "termination of operations" means "the layoff of an employee without a commitment to reinstate the employee to his previous employment within six months of the layoff..." *N.J.S.A.* 34:21-1.

79. Under the NJ WARN Act, a "mass layoff" means a reduction in force which is not the result of a transfer or termination of operations and which results in the termination of

employment at an establishment during any 30-day period for 50 or more of the employees at or reporting to the place of employment. *Id.*

80. Section 21-2 of the NJ WARN Act pertains to the requirements for establishments subject to transfer, termination of operation, mass layoffs. *N.J.S.A*. 34:21-2.

81. An "employer" includes any individual, partnership, association, corporation, or any person acting directly or indirectly in the interest of an employer in relation to an employee and includes any person who directly or indirectly, owns and operates the nominal employer or makes the decision responsible for the employment action that gives rise to the mass layoff subject to the notification." *N.J.S.A*. 34:21-2(d).

82. At all relevant times, each of the Mentor Defendants, as well as Defendant Seaport were "employers," within the meaning of the NJ WARN Act.

83. The Mentor Defendants and Defendant Seaport were responsible for the termination of Plaintiff Santos and the members of the NJ WARN Class.

84. The NJ WARN Act requires employers to provide each employee whose employment is terminated severance pay that is equal to one week of pay for each full year of employment. *N.J.S.A*. 34:21-2(b).

85. The NJ WARN Act states that if an employer provides any employee with less than 90 days of notification of a termination of operations and/or mass layoff, the employer shall provide that employee with an additional four weeks of pay. *N.J.S.A*. 34:21-2(b).

86. The Mentor Defendants and Defendant Seaport failed to provide Plaintiff Santos and the members of the NJ WARN Class with the 90-days written notice of their termination of operations and/or mass layoff that is required by the NJ WARN Act under *N.J.S.A*. 34:21-2(b).

87. The Mentor Defendants and Defendant Seaport failed to provide Plaintiff Santos and the members of the NJ WARN Class with the severance payment and an additional four weeks of pay that is required under the NJ WARN Act.

88. Plaintiff Santos and the members of the NJ WARN Class have suffered damages by the Mentor Defendants' and Defendant Seaport's failure to comply with the NJ WARN Act's requirements.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Santos seeks the following relief on behalf of herself and all others similarly situated:

A. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23;

B. Notice to the proposed members of the NJ WARN Class pursuant to Fed. R. Civ. P. 23;

C. Designation of Plaintiff Santos as Class Representative on behalf of the NJ WARN Class;

D. Appointment of the undersigned attorneys as Class Counsel for the NJ WARN Class; and,

E. A judgment against Defendants in favor of Plaintiff Santos and the members of the NJ WARN Class in an amount equal to the damages provided by *N.J.S.A*. 34:21-2(b).

**Morgan Rooks, P.C.**
*/s/ Franklin J. Rooks, Jr.*
Franklin J. Rooks, Jr., Esquire
NJ Attorney ID: 023802010
525 Route 73 North, Suite 104
Marlton, NJ 08053
Telephone No. (856) 874-8999
Facsimile No. (856) 494-1707
Email: fjrooks@morganrooks.com

**Goodley McCarthy LLC**
*/s/ James E. Goodley*
James E. Goodley, Esquire
NJ Attorney ID: 048572013
james@gmlaborlaw.com

Ryan P. McCarthy, Esquire
NJ Attorney ID: 219022016
ryan@gmlaborlaw.com
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 394-0541
*Attorneys for Plaintiff Santos and the NJ WARN Class*

Dated: October 20, 2026